DAVID M. POITRAS P.C. (Bar No. 141309)
JOSEPH M. NICCHITTA (Bar No. 245615)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Telephone: (310) 203-8080/Facsimile : (310) 712-8571
Email: dpoitras@jmbm.com

KAREN L. GILMAN
WOLFF & SAMSON PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2006/Facsimile: (973) 530-2206
E-mail: kgilman@wolffsamson.com

Attorneys for Defendant Federal Insurance Company

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES,<br><br>Reorganized Debtor. | Case No. 8:06-bk-11444 ES<br><br>Chapter 11 |
| SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES,<br><br>Plaintiffs.<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, a New Jersey Corporation,<br><br>Defendant. | Adversary Case No. 8:08-ap-01190-ES<br><br>ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND FOR ACCOUNTING, AND SEPARATE DEFENSES<br><br>**Status Conference:**<br><br>Date: August 14, 2008<br>Time: 9:30 a.m.<br>Place: Courtroom 5A<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

Chubb & Son, a division of Federal Insurance Company ("Defendant"), by its undersigned attorneys Jeffer, Mangels, Butler & Marmaro LLP and Wolff & Samson PC, by way of answer to the complaint for declaratory relief and accounting (the "Complaint"), responds as follows:

## STATE OF JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint asserts legal conclusions, to which no response is required.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint. Upon information and belief, based upon the docket of the United States Bankruptcy Court, Central District of California, Santa Ana Division, Case No. SA 03-15911 ES was closed retroactively to August 29, 2006.

3. Defendant denies that this adversary proceeding arises in the Debtors' pending bankruptcy case and states that the remaining allegations contained in Paragraph 3 of the Complaint assert legal conclusions for which no response is required.

4. Paragraph 4 of the Complaint states legal conclusions as to which no response is required, but Defendant admits that the adversary proceeding does not involve a consumer debt less than $5000.

5. Defendant denies that this is a core proceeding and does not consent to the personal jurisdiction of the Court. No response is required to Plaintiff's representation that Plaintiff consents to the entry of a final judgment and orders by the Bankruptcy Court.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

7. Defendant admits that Spectrum Restaurant Group, Inc. is a Delaware corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint. No response is required to the portion of Paragraph 7 of the Complaint which defines the term Plaintiff.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth Plaintiff's defined term for Debtor, to which no response is required.

12. Defendant admits that Federal Insurance Company is a New Jersey corporation and has a principal place of business in Warren, New Jersey.

13. Paragraph 13 of the Complaint sets forth Plaintiff's defined names for Defendant, to which no response is required.

**GENERAL ALLEGATIONS**

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that it issued insurance policies, numbers 7163-12-85, 7350-57-84 and 7350-57-85 ( the "Policies"), but denies that Exhibits 1 and 2 to the Complaint are true

and correct copies of the Polices. Defendant admits that Exhibits 1 and 2 are true and correct copies of the Reimbursement, Indemnification and Security Agreements effective October 1, 200 and January 1, 2004, respectively (the "Reimbursement Agreements") executed by Spectrum Restaurant Group, Inc. and the Defendant, and further states the documents are the best evidence of the terms contained therein. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint purports to characterize the terms of the Reimbursement Agreements, which documents are the best evidence of the terms contained therein.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, but admits that Spectrum Restaurant Group, Inc. had an obligation to maintain collateral in the form of a letter of credit in favor of the Defendant to secure the prompt performance of Spectrum Restaurant Group. Inc.'s obligations to Defendant.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint. The Defendant admits, however, that the provisions of Section 5 of the January 1, 2004 Reimbursement Agreement entitled "Defaults and Remedies" states that Defendant "will exercise good faith consistent with usual and customary commercial and credit practice" in selecting and exercising its remedies upon default.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint, but admits that Exhibit 3 is a true and correct copy of Amendment No. 1 to the Reimbursement, Agreement effective January 1, 2004.

23. Defendant denies the allegations contained in the first sentence of Paragraph 23 of the Complaint. Defendant admits that Exhibit 4 is a true and correct, but unsigned copy, of amendment No .2 to the January 1, 2004 Reimbursement Agreement.

24. Defendant admits the allegations contained in the first sentence of Paragraph 24 of the Complaint, and denies that Exhibit 5 is a true and correct copy of the 2nd amendment to an October 1, 2004 Agreement.

25. Defendant admits that Defendant and Spectrum Restaurant Group, Inc. agreed to Amendment No. 3 to the October 1, 2000 Reimbursement Agreement which document is the best evidence of the terms contained therein. Defendant denies that Exhibit 6 is a true and correct copy of the 3rd Amendment to the October 1, 2004 Agreement.

26. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint. Defendant admits that it presently is the beneficiary of two Letters of Credit issued by Wachovia Bank on behalf of Spectrum Restaurant Group, Inc. which letters of credit totaled $1,301,945.65 as of the time of the filing of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint and further states that as of the date of the filing of the Complaint, Spectrum Restaurant Group, Inc. had received an invoice dated April 21, 2008, with supporting documentation, reflecting deductible reimbursements due to Defendant in the amount of $115,471.08 for payments made by Defendant through March 31, 2008. In addition, on or about June 24, 2008, Spectrum Restaurant Group, Inc. received a second invoice, with supporting documentation, reflecting an additional amount of $12,654.63 of deductible reimbursements due to Defendant for payments

made through May 31, 2008. As of the date of filing the within answer, Spectrum Restaurant Group, Inc. had paid neither invoice.

29. Defendant admits the allegations contained in the first sentence of Paragraph 29 of the Complaint, and denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**[Declaratory Relief]**

31. In response to Paragraph 31, Defendant repeats and realleges each of the responses contained in Paragraphs 1 through 30 of this Answer with the same force and effect as if fully set forth herein.

32. Defendant admits that an actual controversy exists between the Defendant and Spectrum Restaurant Group, Inc. and denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint, based upon information currently known. Defendant further states that pursuant to a request from Plaintiff for a reduction of the amount of letters of credit, Defendant agreed to undertake a collateral review. The collateral review process generally takes 4-5 months after receipt of the request and receipt of updated financial information from the insured. Defendant did not receive financial information from Plaintiff until April, 2008, and the collateral review is still pending.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's desires, and denies the amount of the letters of credit for which Defendant is the beneficiary is commercially unreasonable. Defendant states that in August, 2005, after Defendant had been informed that Spectrum Restaurant Group, Inc. had received a discharge in

bankruptcy and had confirmed its plan of reorganization, Defendant approved a reduction of $650,000 to the then outstanding amount of the letters of credit. In addition, in September, 2006, the outstanding letters of credit were further reduced by an additional $95,179.50.

36. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's desires, and denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint

**WHEREFORE**, Defendant seeks judgment:

i) dismissing the Complaint with prejudice;

ii) for attorneys fees and costs of suit; and

iii) for such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**[Accounting]**

38. In response to Paragraph 38, Defendant repeats and realleges each of the responses contained in Paragraphs 1 through 37 of this Answer with the same force and effect as if fully set forth herein.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint, and further states that Spectrum Restaurant Group, Inc. has received the supporting documentation as well as a full accounting of all claims made and paid under the Workers Compensation Policy number 7163-12-85.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

**WHEREFORE**, Defendant seeks judgment:

i) dismissing the Complaint with prejudice;

ii) for attorneys fees and costs of suit; and

iii) for such other and further relief as the Court deems just and proper.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Defendant.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

The Plaintiff's claim that the amounts of the letters of credit securing the obligations of Spectrum Restaurant Group,. Inc. is commercially unreasonable are barred by the doctrines of judicial estoppel and waiver.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the doctrine of collateral estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred by the express provisions of the Reimbursement, Indemnification and Security Agreements between Defendant and Spectrum Restaurant Group, Inc.

**SEVENTH DEFENSE**

Any amount sought to be recovered in this action is barred in whole or in part by Defendant's estimated remaining exposure and out of pocket expenses, including attorneys' fees, which are recoverable under the terms of the Reimbursement Agreements.

**EIGHTH DEFENSE**

The claims of Grandy's Inc., Spoons Restaurants, Inc. Spectrum Foods, Inc. and Crabby Bob's Franchise Corp. are barred by lack of privity of contract with Defendant.

**NINTH DEFENSE**

Defendant reserves the right to assert additional defenses.

Dated: July 10, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP

- AND -

WOLFF & SAMSON, PC

BY: ______________________________
DAVID M. POITRAS

Attorneys for Federal Insurance Company



5506203v1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On July 10, 2008 I served the document(s) described as **ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND FOR ACCOUNTING, AND SEPARATE DEFENSES;** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) At , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on July 10, 2008 at Los Angeles, California.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

BILLIE TERRY

In re SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES
vs
FEDERAL RESTAURANT GROUP, INC., et al.;
Adv. No. 8:08-ap-01190-ES

SERVICE LIST TO PROOF OF SERVICE

Special Counsel for Reorganized Debtor
Leonard M. Shulman, Esq.
James C. Bastian, Jr., Esq.
Mark Bradshaw, Esq.
SHULMAN HODGES & BASTIAN LLP
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610-2808